```
             IN THE UNITED STATES DISTRICT COURT
            FOR THE WESTERN DISTRICT OF TENNESSEE
                       WESTERN DIVISION
```

| | |
|---|---|
| **CHARLES CRUMLEY,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 11-2153 |
| | ) |
| **GREYHOUND LINES, INC.,** | ) |
| | ) |
| Defendant. | ) |

**ORDER DENYING PLAINTIFF'S MOTION TO REMAND**

Before the Court is the March 8, 2011 Motion to Remand filed by Plaintiff Charles Crumley ("Crumley"). (Mot. to Remand, ECF No. 4.) Defendant Greyhound Lines, Inc. ("Greyhound") responded in opposition on March 25, 2011. (Def.'s Resp. in Opp'n to Pl.'s Mot. to Remand and Mem. in Supp., ECF No. 5.) ("Def.'s Resp.")

Crumley argues that the Court must remand the action to the Circuit Court of Shelby County, Tennessee, because he has asserted a cause of action under the Tennessee Human Rights Act ("THRA"), Tenn. Code Ann. §§ 4-21-101 et seq., not federal law, and because Greyhound has not demonstrated that, when he filed the complaint, the amount in controversy exceeded $75,000. (See Mot. to Remand 1; Mem. in Supp. of Mot. to Remand 1-4, ECF No. 4-1.) Greyhound argues that amount in controversy exceeds

$75,000 because Crumley seeks damages for severe mental and emotional distress, reasonable attorney's fees, punitive damages, and approximately $38,000 in lost wages, giving the Court jurisdiction because the parties are diverse. (See Def.'s Resp. 1-6.)

Under 28 U.S.C. § 1441(a), a defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction . . . to the district court of the United States for the district and division embracing the place where such action is pending," except as otherwise expressly provided by Act of Congress. 28 U.S.C. § 1441(a). Under 28 U.S.C. § 1332(a)(1), district courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs" between citizens of different states. 28 U.S.C. § 1332(a)(1).

"A defendant seeking to remove a case to federal court has the burden of proving that the district court possesses jurisdiction." Williamson v. Aetna Life Ins. Co., 481 F.3d 369, 375 (6th Cir. 2007) (citing Gafford v. Gen. Electric Co., 997 F.2d 150, 155 (6th Cir. 1993), overruled on other grounds, Hertz Corp. v. Friend, 130 S. Ct. 1181, 1191-94 (2010)). "Jurisdiction is determined at the time of removal . . . ." Id.

(citations omitted); accord Rogers v. Wal-Mart Stores, Inc., 230 F.3d 868, 871 (6th Cir. 2000) (citation omitted).

"It is generally agreed in this circuit, that the amount in controversy should be determined 'from the perspective of the plaintiff, with a focus on the economic value of the rights he seeks to protect.'" Smith v. Nationwide Prop. & Cas. Ins. Co., 505 F.3d 401, 407 (6th Cir. 2007) (quoting Woodmen of the World/Omaha Woodmen Life Ins. Soc'y v. Scarbro, 129 F. App'x 194, 195-96 (6th Cir. 2005)). "A disclaimer in a complaint regarding the amount of recoverable damages does not preclude a defendant from removing the matter to federal court upon a demonstration that damages are 'more likely than not' to 'meet the amount in controversy requirement,'" although it can suffice "absent adequate proof from defendant that potential damages actually exceed the jurisdictional threshold." Id. (quoting Williamson, 481 F.3d at 375); accord PAG Enters., LLC v. Se. Petro Distribs., Inc., No. 4:09-CV-88, 2009 WL 3617684, at *1 (E.D. Tenn. Oct. 29, 2009) ("[I]f a party seeks to invoke diversity jurisdiction to remove a case from state court, that party need only show that damages are 'more likely than not' to exceed the jurisdictional threshold at the time of removal.") (citations omitted). When "the plaintiff seeks an unspecified amount in damages, the defendant satisfies its burden of proving the amount in controversy requirement when it shows that the

3

amount 'more likely than not' exceeds $75,000." Pendergrass v. Time Ins. Co., No. 5:09-CV-00215-R, 2010 WL 989154, at *2 (W.D. Ky. Mar. 12, 2010) (citing Everett v. Verizon Wireless, Inc., 460 F.3d 818, 822 (6th Cir. 2006)).

Here, Crumley alleges that Greyhound discriminated against him based on his race and in retaliation for his opposing illegal discrimination and participating in a protected activity by refusing to pay him back pay following his reinstatement as a Greyhound employee in February 2010. (See Compl. ¶¶ 2-12, ECF No. 1-1.) Crumley alleges that "[t]his is an action brought under the Tennessee Human Rights Act for damages that, at the time of filing, are $75,000.00 or less." (Id. ¶ 1.) Crumley also alleges that, because of Greyhound's actions, he "has suffered severe mental and emotional distress, lost wages, and incurred other damages in an amount to be proven at trial, but, at the time of filing, Plaintiff's damages do not exceed $75,000.00." (Id. ¶ 13.) At the end of the complaint, Crumley "prays for appropriate compensatory damages, for punitive damages, for a trial by jury, for a reasonable attorney's fee, for costs, and for all other proper relief." (Id. at 2.) He has not stipulated that the amount in controversy does not exceed $75,000.

Greyhound correctly argues that the statements in the complaint suggesting that Crumley is not seeking damages in

4

excess of $75,000 do not require remand because the Tennessee Rules of Civil Procedure permit a plaintiff to demand an amount less than the federal amount-in-controversy requirement in a complaint, but seek and recover damages in excess of that amount. See Tenn. R. Civ. P. 54.03; Williamson, 481 F.3d at 375; Rogers, 230 F.3d at 871; (Def.'s Resp. 4-6). Notwithstanding Crumley's disclaimer in the complaint about the amount of damages, Greyhound may establish that removal is proper by demonstrating "that it is 'more likely than not' that the plaintiff's claims meet the amount in controversy requirement." Rogers, 230 F.3d at 871 (citing Gafford, 997 F.2d at 158); accord Smith, 505 F.3d at 407; see also Williamson, 481 F.3d at 375-77.

Greyhound has offered a declaration that Crumley's employment was terminated on March 20, 2009. (Decl. of Sherrie Pittman ¶ 4, ECF No. 5-1.) ("Decl.") At that time, he was earning approximately $117.11 per day. (Id. ¶ 5.) He subsequently filed a grievance with the Amalgamated Transit Union (the "Union"), which represented him, claiming unjust termination. (Id. ¶¶ 3, 6.) Before his grievance went to arbitration, the Union and Greyhound agreed on February 17, 2010, that Greyhound would reinstate Crumley to his former position as a driver. (See id. ¶ 8.) On March 22, 2010, Crumley was reinstated, but did not receive back pay. (See id.

5

¶¶ 9-10.) During Crumley's absence between March 20, 2009, and March 22, 2010, Greyhound recognized fourteen paid holidays. (See id. ¶¶ 4, 10-11.)

Crumley alleges in the complaint that he is entitled to lost wages for the period between the termination of his employment and his reinstatement. (See Compl. ¶¶ 4-13.) If Crumley prevails, he would be entitled to approximately $38,000 in lost wages. (See Def.'s Resp. 5; Decl. ¶¶ 2-11.) The Court may consider those damages in determining whether the amount-in-controversy requirement is satisfied. See, e.g., Mitchell v. White Castle Sys., Inc., No. 94-1193, 1996 WL 279863, at *2 (6th Cir. May 24, 1996) (per curiam); Christner v. Wal-Mart Stores E., L.P., No. 10-10762, 2010 WL 2597440, at *2 (E.D. Mich. June 24, 2010). Crumley also seeks damages for mental and emotional distress in an unspecified amount. (See Compl. ¶ 13.) The Court may consider those damages. See, e.g., Mitchell, 1996 WL 279863, at *2; Christner, 2010 WL 2597440, at *2.

Although Crumley alleges that his damages at the time of filing did not exceed $75,000, he also seeks a reasonable attorney's fee not included in that unspecified figure. (See Compl. 1-2.) "[R]easonable attorney fees, when mandated or allowed by statute, may be included in the amount in controversy for purposes of diversity jurisdiction." Charvat v. GVN Mich., Inc., 561 F.3d 623, 630 n.5 (6th Cir. 2009) (citing Williamson,

6

481 F.3d at 376). The THRA provides that a prevailing plaintiff may recover a reasonable attorney's fee. See Tenn. Code Ann. § 4-21-306(a)(7); Forbes v. Wilson Cnty. Emergency Dist. 911 Bd., 966 S.W.2d 417, 422 (Tenn. 1998); Mountjoy v. City of Chattanooga, No. E2001-02017-COA-R3-CV, 2002 WL 707467, at *6 (Tenn. Ct. App. Apr. 23, 2002). Therefore, in determining whether the amount-in-controversy requirement is met, the Court may consider the amount of the reasonable attorney's fee Crumley would recover if successful. See Williamson, 481 F.3d at 377 (considering statutorily-authorized attorney's fees and concluding that the defendant had demonstrated that the amount-in-controversy requirement was satisfied); Pendergrass, 2010 WL 989154, at *2 (considering potential attorney's fees in determining the amount in controversy).

"When determining the jurisdictional amount in controversy in diversity cases, punitive damages must be considered . . . unless it is apparent to a legal certainty that such cannot be recovered." Hayes v. Equitable Energy Res. Co., 266 F.3d 560, 572 (6th Cir. 2001) (quoting Holley Equip. Co. v. Credit Alliance Corp., 821 F.2d 1531, 1535 (11th Cir. 1987)). "[P]unitive damages under the THRA are available only in cases involving discriminatory housing practices and malicious harassment absent express provision authorizing punitive damages in other areas." Carver v. Citizen Utils. Co., 954 S.W.2d 34,

7

36 (Tenn. 1997); see also Reagan v. City of Knoxville, 692 F. Supp. 2d 891, 908 (E.D. Tenn. 2010). Crumley has not alleged discriminatory housing practices or harassment. (See Compl. 1-2.) Because punitive damages are not available, the Court may not consider them at this time although Crumley requests punitive damages in the complaint. See Hayes, 266 F.3d at 572.

The Court may consider the approximately $38,000 in lost wages, unspecified damages for severe mental and emotional distress, and the amount of a reasonable attorney's fee in determining whether the amount in controversy exceeds $75,000. Given the complexity of THRA cases and the extensive discovery usually required, a successful plaintiff will almost always incur substantial attorney's fees. Considering the damages alleged by Crumley and the relief sought, Greyhound has demonstrated that it is more likely than not that the amount in controversy exceeds $75,000. See, e.g., Christner, 2010 WL 2597440, at *2 (finding the amount-in-controversy requirement satisfied where one plaintiff alleged serious and permanent back injuries, damages for pain and suffering, lost earnings and earning capacity, and medical expenses); Pendergrass, 2010 WL 989154, at *1-3 (denying plaintiff's motion for remand where plaintiff sought $35,000 for unpaid medical expenses, damages for financial and emotional strain, damages for harm to his credit and reputation, attorney's fees, and punitive damages).

Because the parties are diverse, Greyhound has satisfied its burden of proving that this Court has jurisdiction. See Williamson, 481 F.3d at 375. Removal was proper. See 28 U.S.C. § 1441(a); Williamson, 481 F.3d at 375. Therefore, Crumley's Motion to Remand is DENIED.[1]

So ordered this 18th day of May, 2011.

                                              s/ Samuel H. Mays, Jr.
                                              SAMUEL H. MAYS, JR.
                                              UNITED STATES DISTRICT JUDGE

---

[1] Because the Court has jurisdiction, the Court need not consider Greyhound's argument that denial of Crumley's Motion to Remand is appropriate because his counsel failed to consult with Greyhound's counsel and file a certificate of consultation. (See Def.'s Resp. 1.)